MANUEL NEGRÓN, recurrente, *v.* EL REGISTRADOR DE HUMACAO, recurrido.

No. 625.—*Sometido:* Diciembre 2, 1925. . *Resuelto:* Diciembre 16, 1925.

PRINCIPAL Y AGENTE—LA RELACIÓN—CREACIÓN Y EXISTENCIA—DE LOS PODERES—OTORGAMIENTO E INSCRIPCIÓN—PODERES OTORGADOS EN EL EXTRANJERO.— Una escritura o poder otorgado ante un comisionado de escrituras para Puerto Rico en el Estado de New York, si de otro modo no está sujeto a objeción, es tan suficiente para que pueda ser inscrito en esta isla como si fuere otorgado ante un notario público, bien aquí, o en otra parte.

NOTA de *López del Valle,* R. (Humacao), denegando la inscripción de una escritura. *Revocada.*

*F. González,* abogado del recurrente; el registrador compareció por escrito.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El registrador de la propiedad denegó la inscripción de la escritura que le fué presentada "por resultar que el po-

der número doscientos noventa y siete, otorgado en la Ciudad Condado y Estado de Nueva York, a veinte de febrero de mil novecientos veinte y cinco, ante don Ramón Miranda, Comisionado de Escrituras de Puerto Rico, en el Estado de Nueva York, en virtud del cual don Antonio Roig concurre como mandatario de don Antonio B. Ramos, no ha sido autorizado ante Notario Público, y sí ante el Comisionado de Escrituras de Puerto Rico, en el Estado de Nueva York, que no tiene facultades para otorgar tal documento; tomándose anotación por 120 días de acuerdo con la Ley a favor del comprador don Manuel Negrón Benítez, al folio 11 del tomo 63 de Humacao, finca número 2071, anotación letra A.''

El poder de referencia no ha sido traído a nuestra consideración y el registrador no levanta ninguna cuestión en cuanto a su forma o suficiencia, fuera del hecho de haber sido otorgado ante un comisionado de escrituras en vez de un notario.

El alegato en apoyo de la nota recurrida se funda en la teoría de que la Legislatura Insular no puede invadir las atribuciones de la legislatura de un Estado pretendiendo determinar quiénes son los funcionarios que pueden autenticar escrituras de venta y otros documentos dentro de los límites de cualquier Estado de los Estados Unidos.

Nuestro Código Político, sin embargo, no pretende regular la forma de verificar traspasos de bienes inmuebles dentro del Estado de New York, o de los límites de cualquier otro Estado en lo que respecta a la validez y efecto de tales traspasos al ser propuestos como prueba, o presentados para su inscripción en tal Estado. Dicho código meramente autoriza el nombramiento de comisionados de escrituras y prescribe que:

''Todo Comisionado puede, en el Estado o Territorio para que ha sido nombrado, recibir y certificar juramentos y tomar deposiciones y declaraciones juradas, legalizar reconocimientos y otorgamientos de escrituras o cualquier otro documento público, que hayan de

utilizarse o registrarse en Puerto Rico, y suministrar las pruebas y constancias de tales escrituras cuando el otorgante niegue la autenticidad de éstas; y todos los juramentos, deposiciones, declaraciones juradas, reconocimientos de escritura y pruebas así recibidos o tomados, certificados por el Comisionado bajo su sello oficial, tendrán el mismo valor y efecto que si fuesen recibidos o autorizados y certificados por los funcionarios competentes de esta isla, y serán admitidos como prueba en todos los tribunales de Puerto Rico.'' Art. 165.

El registrador no indica ningún Estado, ni es probable que alguno pueda encontrarse que no haya decretado una ley semejante. El alegato no cita autoridad alguna para sostener la proposición de que tal legislación es *ultra vires,* ni conocemos ningún caso en que haya sido levantada tal cuestión, aunque es razonable decir, tal vez, para no desalentar la ulterior investigación en este sentido, que no ha sido hecha por esta corte ninguna investigación independiente acerca de la cuestión.

El registrador también insiste en que la traducción castellana del art. 165, supra, contiene disposiciones que no constan en la versión inglesa y que siendo el estatuto de origen americano, el texto inglés debe prevalecer. En el alegato se admite que una escritura o poder otorgado ante un notario público dentro del Estado de New York, cuya autoridad para actuar está debidamente certificada por un comisionado de escrituras, sería aceptable. Se alega, no obstante, que este modo de acreditar el carácter oficial del notario en cuestión es el ''reconocimiento'' (*acknowledgment*) a que se refiere el art. 165 del Código Político.

Claramente que esta idea surge de la falta de familiaridad con el método e historia de la forma de hacer traspasos en los Estados Unidos, y de la más amplia significación legal de la palabra ''reconocimiento'' como ha sido empleada en relación con los mismos. Una discusión razonablemente comprensiva de la cuestión puede encontrarse en la sección sobre Reconocimientos en el tomo 1 de Corpus Juris, páginas 739 y siguientes.

El lenguaje del texto castellano, "legalizar reconocimientos y otorgamientos de escrituras o cualquier otro documento público", no es una interpolación o ampliación de la versión inglesa, sino más bien un esfuerzo consciente de parte del traductor en expresar en castellano un concepto más exacto de la palabra *"acknowledgment"* (reconocimiento) del que pudiera ser indicado mediante cualquier equivalente literal de dicha palabra sin un sentido técnico semejante adquirido en la jurisprudencia española. Esto resulta aún más claro al considerarse la siguiente disposición expresa de que (bastardilla nuestra): "todos los juramentos, deposiciones, declaraciones juradas, reconocimientos de escritura y pruebas así recibidos o tomados, certificados por el Comisionado bajo su sello oficial, *tendrán el mismo valor y efecto que si fuesen recibidos o autorizados y certificados por los funcionarios competentes de esta isla."*

Los "funcionarios competentes de esta isla" en tanto se trata de la autenticación de documentos públicos otorgados dentro de este territorio, deben ser los notarios públicos o de otro modo las palabras carecen de significación. Pues, como ha indicado el propio registrador, un documento público en Puerto Rico no puede ser otorgado legalmente ante ningún otro "funcionario."

Parece ser consecuencia de esto que una escritura o un poder otorgado ante un comisionado de escrituras para Puerto Rico en el Estado de New York, si de otro modo no está sujeto a objeción, es tan suficiente para que pueda ser inscrito en esta isla como si fuese otorgado ante un notario público, bien aquí o en otra parte.

*La nota recurrida debe ser revocada.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.