Santos Rosado, recurrente, *v.* El Registrador Sustituto de la Propiedad de Aguadilla, recurrido.

No. 953.—*Sometido:* Mayo 20, 1935. *Resuelto:* Mayo 24, 1935.

El recurrente no compareció; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Al Registrador de la Propiedad de Aguadilla se le presentó un documento que contiene un contrato de hipoteca cuya inscripción negó, y no habiendo sido recogido ese documento por la persona que se lo presentó fué enviado por el registrador a este tribunal de acuerdo con la ley sobre recursos gubernativos de 1º de marzo de 1902 (Comp. 2180–2190). Las partes interesadas han dejado de presentarnos alegatos.

El documento que fué presentado al registro de la propiedad para su inscripción está otorgado en el Estado y ciudad de Nueva York ante un notario público autorizado para ejercer allí esa profesión y contiene la constitución de una hipoteca sobre un condominio de cierta finca.

El registrador interino de Aguadilla se negó a inscribir dicha hipoteca, según aparece de la nota puesta en ese documento, por lo siguiente:

"Denegado el documento que precede porque no es uno de aque-

llos comprendidos en el artículo 2 de la Ley Hipotecaria y su con-cordante del Reglamento, porque el artículo 10 del Código Civil de Puerto Rico dispone que los bienes inmuebles están sujetos a la ley del país en que están sitos y además porque de acuerdo con los artículos 2850 al 2853 del Código Político sobre creación y nombramiento y facultades del Comisionado de Escrituras de Puerto Rico esta clase de documento debe ser legalizado ante el referido Comisionado de Escrituras de Puerto Rico, tomándose en su lugar anotación preventiva por 120 días, a todos los efectos legales al folio 229 del tomo 75 de Aguadilla, finca número 111 sextuplicado, anotación A, con el defecto subsanable de no expresarse el pueblo donde radica la finca hipotecada.''

No hay duda de que según el artículo 10 del Código Civil los bienes inmuebles están sujetos a las leyes del país en que están sitos y que según el artículo 11 del mismo código las formas y solemnidades de los contratos, testamentos y demás instrumentos públicos se rigen por las leyes del país en que se otorgan, a menos que sean autorizados por funcionarios públicos o consulares de los Estados Unidos en países extranjeros, en cuyo caso se observarán en su otorgamiento las solemnidades establecidas por las leyes de los Estados Unidos. El registrador no negó la inscripción por defecto de forma en el documento ni porque no cumpla con las leyes de este país en cuanto a la constitución de la hipoteca. El motivo de su negativa es porque entiende que la hipoteca en cuestión debió ser constituída en Nueva York ante el Comisionado de Escrituras de Puerto Rico de acuerdo con el Código Político en sus artículos 163 al 166 (Estatutos Revisados 2850 al 2853). Por esos artículos se dispone que el Gobernador pueda nombrar en cada uno de los Estados y Territorios de la Unión Americana o en cualquier Estado extranjero uno o más comisionados por cierto tiempo: que cada comisionado tendrá un sello oficial en el que aparezca su nombre, las palabras ''Comisionado de Puerto Rico'' y el nombre del Estado o Territorio y ciudad o condado donde resida: que todo comisionado puede, en el Estado o Territorio para que ha sido nombrado, recibir y certificar juramen-

tos y tomar deposiciones y declaraciones juradas, legalizar reconocimientos y otorgamientos de escrituras o cualquier otro documento público que haya de utilizarse o registrarse en Puerto Rico, y suministrar las pruebas y constancias de tales escrituras cuando el otorgante niegue su autenticidad: que todos esos documentos certificados por el comisionado bajo su sello oficial tendrán el mismo valor y efecto que si fuesen recibidos o autorizados y certificados por los funcionarios competentes de esta isla, y serán admitidos como prueba en todos los tribunales de Puerto Rico: y, por último, dispone que esos comisionados están autorizados para cobrar determinados emolumentos.

En ninguna parte de esa ley se dice que el documento en cuestión debió ser otorgado necesariamente ante el Comisionado de Escrituras de Puerto Rico en el Estado y ciudad de Nueva York, y que por esto no pueda ser inscrita la hipoteca; conclusión que no es sostenible en vista de que no hay tal precepto en la ley. En el caso de *Rojas, Randall & Co.* v. *El Registrador,* 27 D.P.R. 21, se trataba de un documento sobre transmisión de bienes inmuebles otorgado en Nueva York ante un notario de aquella ciudad que no era el Comisionado de Escrituras de Puerto Rico y ordenamos la inscripción del documento; aunque entonces no fué negada la inscripción por el motivo que lo ha sido ahora. En otro caso, *Negrón* v. *Registrador,* 34 D.P.R. 787, negó el registrador la inscripción porque el documento estaba otorgado ante el Comisionado de Escrituras de Puerto Rico en Nueva York y ordenamos la inscripción diciendo que una escritura o un poder otorgado ante un Comisionado de Escrituras para Puerto Rico en el Estado de Nueva York si de otro modo no está sujeto a objeción es tan suficiente para que pueda ser inscrito en esta isla como si fuera otorgado ante un notario público, bien aquí o en otra parte.

En cuanto al defecto subsanable consignado por el registrador por no expresarse en el documento el pueblo en

que radica la finca hipotecada, nos parece que no debe subsistir toda vez que para anotar como anotó la negativa de inscripción en la finca núm. 111 sextuplicado del tomo 75 de Aguadilla tuvo que saber el pueblo dónde la finca hipotecada radica.

*La resolución apelada debe ser revocada y ordenarse la inscripción del documento sin el defecto que consignó el registrador.*