ANTONGIORGI *v.* EL REGISTRADOR DE LA PROPIEDAD.

RECURSO GUBERNATIVO contra nota del Registrador de la Propiedad de San Germán.

No. 5.—Resuelto en mayo 6, 1904.

CARTA DE CIUDADANÍA.—Expedida una carta de ciudadanía de los Estados Unidos por la Corte Suprema de un Estado, y autorizada la misma por el secretario de dicha corte y el sello del tribunal, no necesita dicho documento de ningún otro requisito para ser admitido como auténtico y eficaz en juicio, y fuera de él, en todos los Estados y Territorios de la Unión.

DERECHO INTERNACIONAL PRIVADO—ESTATUTO PERSONAL.—Es principio de derecho internacional privado, admitido por la jurisprudencia de los tribunales y especialmente sancionado por el artículo 9 del Código Civil, que la ley personal del individuo es la del país a que pertenece, la que le sigue donde quiera que se traslade, regulando sus derechos personales, su capacidad para trasmitir por actos *inter vivos o mortis* causa y el régimen de su matrimonio y familia.

ID.—SOCIEDAD CONYUGAL—BIENES GANANCIALES—ENAJENACIÓN DE BIENES INMUEBLES.—Aplicando la doctrina precedente, un ciudadano de cualquier Estado, donde no se halle establecida la sociedad legal de gananciales, tiene perfecta capacidad para otorgar en Puerto Rico un contrato de compra-venta de finca rústica, de su propiedad particular, sin que por ello se infrinja ley o precepto alguno vigente en esta isla referente a la enajenación de bienes inmuebles.

LEYES RELATIVAS A FAMILIA Y A LAS PERSONAS—CIUDADANOS EXTRANJEROS Y DE PUERTO RICO.—Las leyes relativas a los derechos y deberes de familia o del estado, condición y capacidad legal de las personas, obligan a los ciudadanos de Puerto Rico, aunque residan en países extranjeros, y este precepto del Código Civil, es aplicable, por analogía, a los ciudadanos de cualquier Estado, residentes habitual o temporalmente en Puerto Rico.(*)

EXPOSICIÓN DEL CASO.

*Visto* el presente recurso gubernativo interpuesto por el Abogado Don Ramón Falcón a nombre de Don Francisco Antongiorgi contra nota denegatoria del Registrador de la Propiedad de San Germán, á inscribir una escritura de venta de finca rústica.

*Resultando*: que por escritura pública otorgada en 21 de enero último, en la ciudàd de Mayagüez, ante el Notario D. R. Ulpiano Colón, abogado y notario con vecindad y estudio abierto en la ciudad de Ponce, Don Felipe Cuevas y Arredondo, viudo, mayor de edad, agricultor y propietario de aquella vecindad, vendió a Don Francisco Antongiorgi y Franceschi, por su propio derecho, y como apoderado de su Sra. madre, Doña María de los Angeles Franceschi y Rodríguez, una hacienda de cañas de azúcar de su propiedad nombrada ''Carmelita,'' radicada en el barrio de la Bajura, del término municipal de Cabo Rojo, por el precio y con las condiciones que en la misma escritura se determinan, y en la que se hizo constar además por el vendedor la manifestación siguiente: ''Quinto: Hácese constar por el Sr. Cuevas, que al adquirir esa finca estaba casado en primeras nupcias con Mrs. Sarah Jane Willis, la que como él eran ciudadanos de América, del Estado de New York, donde residían, contrayendo el matrimonio en la ciudad de Brooklyn, cuya señora falleció sin dejar sucesión, ni bienes de ninguna clase, ya que adquirida la repetida finca, exclusivamente por el exponente, a cuyo nombre figura el título, le correspondía como correspondió el pleno dominio de la misma, según las leyes de aquel Estado, en que no existe, como en este país, la sociedad legal de gananciales, correspondiendo privativamente a cada cónyuge lo que adquiere en su nombre, siendo por otra parte el dinero con que adquirió la finca, extraño en absoluto al matrimonio y sí de la exclusiva pertenencia del Sr. Cuevas; que posteriormente contrajo segundo matrimonio con Doña

Josefa Padilla, aportando a él la misma finca, como bien parti-
cular (*) del propio Sr. Cuevas, no correspondiendo, por tanto
en esa finca nada a la sucesión de esa segunda esposa, que
falleció en 11 de septiembre de 1901, como todo lo justificará
oportunamente, para que este documento pueda ser regular-
mente inscrito en el registro de la propiedad del partido."
Y que presentada dicha escritura en el Registro de la Pro-
piedad de San Germán, para su inscripción, le fué denegada
por el registrador por los fundamentos de la nota que puso
al pie de la misma, y que copiada a la letra dice así: "No
admitida la inscripción del precedente documento, cuya cali-
ficación se ha hecho con vista de otros, porque habiendo ad-
quirido el Sr. Cuevas la finca objeto del contrato, por título
oneroso y siendo casado, no puede venderla por sí, como lo
hace siendo viudo, según las leyes de Puerto Rico, únicas
aplicables al caso; y porque aun cuando hubieran de aplicarse
las leyes del Estado de New York, que el enajenante invoca,
la carta de ciudadanía americana que se acompaña, no se
halla legalizada, y siendo dichos defectos insubsanables, se
toma anotación preventiva por ciento veinte días al folio
139 del tomo 12 del ayuntamiento de Cabo Rojo, finca núm.
346 triplicado, anotación letra B, a tenor de lo dispuesto en
la sección 7, de la ley de la Asamblea de 1 de marzo de 1902.
San Germán, febrero 15 de 1904.  Dr. Joaquín Servera Silva.
Hay un sello de rentas internas por valor de 50 centavos.
Honorarios 37 pesos.  Núms. 1 y 7 del arancel."

*Resultando* que contra esta nota ha interpuesto en tiempo
el presente recurso gubernativo ante este Tribunal Supremo
el Abogado Don Ramón Falcón, a nombre del interesado Don
Francisco Antongiorgi, en solicitud de que se revoque dicha
nota, y se ordene al registrador que proceda á la inscripción
de la escritura.

Abogado del recurrente: *Sr. Ramón Falcón.*

El Juez Presidente Sr. Quiñones, después de exponer los
hechos anteriores, emitió la opinión del tribunal.(*)

*Considerando* que expedido, como lo ha sido, el título de ciudadanía de los Estados Unidos á favor de Don Felipe Cuevas y Arredondo por la Corte Suprema del Estado de New York y autorizado como está dicho título por el secretario de la corte y el sello del tribunal, no necesita dicho documento de ningún otro requisito para que deba ser admitido como auténtico y eficaz en juicio, y fuera de él, en todos los Estados y Territorios de la Unión.

*Considerando* por tanto que debiendo estimarse probada la cualidad que ostenta Don Felipe Cuevas y Arredondo, en la escritura de compraventa de que se trata, de ciudadano del Estado de New York, donde no se conoce la sociedad legal de gananciales, no puede negársele la capacidad para otorgar el referido contrato de compraventa de una finca rústica, de su propiedad particular, con tanto mayor motivo cuanto que por dicho contrato no se infringe ley ni precepto alguno vigente en esta isla relativo a la enajenación de bienes inmuebles; todo con arreglo a los principios del derecho internacional privado, según los que la ley personal del individuo es la del país a que pertenece, la que le sigue donde quiera que se traslade, regulando sus derechos personales, su capacidad para trasmitir por actos *inter vivos* y *mortis causa* y el regimen de su matrimonio y familia; principio admitido por la jurisprudencia de los tribunales y especialmente sancionado por el artículo 9 del Código Civil vigente, al disponer que ''las leyes relativas a los derechos y deberes de familia o del estado, condición y capacidad legal de las personas, obligan a los ciudadanos de Puerto Rico, aunque residan en países extranjeros;'' precepto que por analogía de razón es aplicable a los ciudadanos de cualquier Estado, residentes, habitual o temporalmente, en esta Isla.

*Considerando* que según esto no existen en el caso que se ventila los defectos insubsanables en que se funda el Registrador de la Propiedad de San Germán, para denegar la inscripción de la escritura de que se trata. (*)

*Vistos* el artículo citado del Código Civil, y los 65 y 66 de la Ley Hipotecaria y 110 del Reglamento dictado para su ejecución.

Se revoca la nota puesta por el Registrador de la Propiedad de San Germán al pie de la escritura que es objeto del presente recurso y se declara que dicha escritura es inscribible en el registro de la propiedad; y con devolucion de la misma y demás documentos presentados remítase al Registrador de la Propiedad de San Germán, con copia certificada de la presente resolución, para su conocimiento y demás efectos legales que procedan.

Jueces concurrentes: Sres. Hernández, Figueras y Sulzbacher.

El Juez Asociado Sr. MacLeary no intervino en la resolución de este caso.