## Rojas, Randall & Co., Inc., Recurrente, *v.* El Registrador de Guayama, Recurrido.

## Recurso gubernativo contra nota del Registrador de la Propiedad de Guayama denegatoria de la inscripción de una escritura de compraventa.

### No. 364.—Resuelto en enero 17, 1919.

Derecho Internacional Privado—Documentos Otorgados en el Extranjero—Estatuto Real—Estatuto Contractual.—Un documento otorgado en Nueva York, traslativo del dominio de un inmueble radicado en esta isla, debe reunir los requisitos necesarios para su validez, de acuerdo con los artículos 10 y 11 del Código Civil, de los cuales el primero ordena que los bienes inmuebles están sujetos a las leyes del país en que están sitos, y el segundo que las formas y solemnidades de los contratos, testamentos y demás instrumentos públicos se rigen por las leyes del país en que se otorgan.

Contratos—Compraventa—Aceptación por el Comprador.—La corporación Rojas, Niese & Co., Inc., vende un bien inmueble por escritura pública otorgada en Nueva York a la corporación Rojas, Randall & Co., Inc., ambas corporaciones organizadas bajo las leyes del Estado de New York, sin que aparezca en el documento que la corporación compradora haya intervenido en el contrato y lo haya aceptado por sí o por medio de representante legal, por más que su sello y no el de la vendedora se halla estampado en el documento. *Se resolvió:* que ese es un defecto subsanable, que no impide se verifique la inscripción.

Contratos—Consentimiento—Capacidad del Compareciente.—Es inscribible un contrato, como el del presente caso, en que comparece una persona que jura ser el presidente de la corporación vendedora, sin acreditar documentalmente su capacidad como tal, pues esa circunstancia sólo constituye un defecto subsanable.

Contrato—Estatuto Contractual—Su Demostración.—Para que un contrato sea inscribible en el registro de la propiedad, es necesario demostrar que se han llenado los requisitos que en cuanto a su forma y solemnidades exigen las leyes del país en que se otorga. A la parte interesada incumbe acreditar ese extremo y si no lo hace así la omisión constituye un defecto subsanable.

Contratos—Estatuto Real.—Por lo que toca a los requisitos internos del contrato de compraventa de un bien inmueble radicado en Puerto Rico, el documento en que dicho contrato se consigne deberá ajustarse a las leyes que regulan la propiedad inmueble de este país.

Registros de la Propiedad—Leyes por que se Gobiernan.—El mecanismo y funcionamiento de los registros de la propiedad se rigen por la Ley Hipotecaria y su Reglamento, siendo sus preceptos obligatorios, ya se otorguen en este país, ya fuera de él, los documentos que hayan de inscribirse, pues los registros se gobiernan por las leyes del país.

Registradores de la Propiedad—Sus Facultades—Calificación de Otros Documentos.—La calificación hecha por el registrador al denegar la inscripción de una escritura otorgada por una de las partes a favor de otra persona que

no intervino en el contrato objeto de este recurso, no puede surtir efecto en el presente caso en que se trata de la inscripción de otro documento distinto y de partes diversas.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. Celestino Domínguez Rubio.*

El registrador recurrido, Sr. Pedro Gómez Laserre, compareció por escrito en nombre propio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura pública otorgada en la ciudad de New York el 18 de abril de 1918 ante el notario W. Gibbes Whaley, la corporación Rojas, Niese & Company, Inc., vendió a otra corporación, Rojas, Randall & Company, Inc., ambas corporaciones organizadas bajo las leyes del Estado de New York, por precio de $500, un solar situado en la calle de la Monserrate de la ciudad de Guayama, en cuyo solar está enclavada una casa de madera techada de zinc; y habiendo sido presentado dicho documento al Registrador de la Propiedad de Guayama para su inscripción, la denegó por medio de nota que dice así:

"Denegada la inscripción del documento que precede y extendida en su lugar anotación preventiva de la denegación por término legal a favor de la corporación Rojas, Randall & Co., Inc., al folio 73 vuelto del tomo 36 de Guayama, finca No. 606 duplicado, anotación letra B, por ser insuficiente para los fines de la referida inscripción, toda vez que calificado dicho documento con vista de las disposiciones del inciso 5º. del artículo 3º. de la Ley Hipotecaria en conexión con las del artículo 11 del Código Civil, fracasa enteramente, por su simple lectura, en demostrar que se hayan llenado los requisitos necesarios en cuanto a forma y solemnidad requeridos por las leyes del Estado de New York para el traspaso de bienes inmuebles, y además, y como razón subsidiaria, *a contrario sensu,* porque entiende el registrador que suscribe que teniendo por objeto la Ley Hipotecaria el orden público, no debe quedar aquélla sin su efecto y rigor por leyes de países extranjeros, debiendo por tanto aplicarse a este caso el estatuto real o sea la *lex rei sitæ* y no el personal, o sea la *lex loci celebrationis,* y exigir el rigor terminante y preciso de nuestra Ley Hipotecaria. Se hace constar que ya fué objeto de calificación el mencionado documento

al presentarse como complementario de una escritura traspasando el mismo inmueble.   Guayama, mayo 17, 1918.''

Esa nota ha sido recurrida para ante esta Corte Suprema por Rojas, Niese & Company, cuya parte fué sustituída por la de Rojas, Randall & Company.

El inciso 5º. del artículo 3º. de la Ley Hipotecaria que cita el registrador no guarda relación alguna con el presente caso, pues se contrae a las actas de particiones de herencias que no excedan de $2,500.

Tratándose de un documento otorgado en New York, traslativo del dominio de un bien inmueble radicado en esta isla, son de aplicación al presente caso los artículos 10 y 11 del Código Civil, de los cuales el primero ordena que los bienes inmuebles están sujetos a las leyes del país en que están sitos, y el segundo que las formas y solemnidades de los contratos, testamentos y demás instrumentos públicos se rigen por las leyes del país en que se otorguen.

Examinado el documento de que se trata, vemos que lo autoriza W. Gibbes Whaley; que lo firma Rojas, Niese & Company, Inc., por J. Rojas; que éste jura ante W. Gibbes Whaley que es Presidente de dicha corporación; y que William F. Schneider, Secretario del Condado de New York y también de la Corte Suprema de dicho condado, certifica el carácter de notario de W. Gibbes Whaley, autorizado por las leyes del Estado para tomar deposiciones, como también certificados de reconocimiento y prueba de otorgamiento de documentos y traspasos de tierras, propiedades y bienes en el Estado de New York; pero no aparece que la corporación Rojas, Randall & Company, haya intervenido en el contrato por sí o por medio de representante legal, por más qué su sello y no el de Rojas, Niese & Co., se halla estampado en el documento.

Tampoco el documento demuestra, y en ello estamos conformes con el registrador, que se hayan llenado los requisitos necesarios en cuanto a forma y solemnidad requeridas por

las leyes del Estado de New York para el traspaso de bienes inmuebles. A la parte interesada incumbía acreditar ese extremo, y no habiéndolo hecho así la omisión constituye un defecto subsanable que no impide la inscripción solicitada. En apoyo de la anterior teoría podemos citar nuestra decisión en el caso de *Colonial Company* v. *El Registrador,* 1 S. P. R. 396, en que al considerar una escritura otorgada por el liquidador de una compañía inglesa sin haberse acreditado que tal liquidador estuviera autorizado por las leyes vigentes en Inglaterra para otorgar el documento sin acuerdo o consentimiento de los socios, decidimos que a la parte interesada incumbía acreditar ese extremo de una manera adecuada y conveniente, y que no habiéndolo hecho, esa deficiencia constituía un defecto que no permitía juzgar definitivamente sobre la capacidad del liquidador y que por lo mismo sólo debía calificarse de subsanable, con arreglo a la doctrina sentada por la Dirección General de los Registros de España en sus resoluciones de 21 de julio de 1863, 29 de julio de 1866 y 30 de marzo de 1898.

Por lo que toca a los requisitos internos o esenciales del contrato de compraventa, por envolver la enajenación de un bien inmueble está sujeto a las leyes de este país y no a las del Estado de New York en que se celebró el contrato, según el artículo 10 del Código Civil y decisiones de esta Corte Suprema en los casos de *Colón et al.* v. *El Registrador,* 22 D. P. R. 370, y *Bracons* v. *El Registrador de San Juan, Sección Primera,* 24 D. P. R. 753. No vemos que el contrato esté viciado de nulidad en su esencia pues hubo objeto cierto, mediando también causa de la obligación, y por más que en cuanto al consentimiento de los contratantes y para los efectos de la inscripción no aparece demostrado documentalmente que J. Rojas sea el Presidente de Rojas, Niese & Co., según él jura, y tampoco consta que la corporación compradora Rojas, Randall & Co. haya aceptado el contrato, esos defectos pueden subsanarse sin impedir, por tanto, que se verifique desde luego la inscripción.

Conviene dejar consignado que el mecanismo y funcionamiento de los registros de la propiedad se rigen por la Ley Hipotecaria y su Reglamento, siendo sus preceptos obligatorios ya se otorguen en este país, ya fuera de él, los documentos que hayan de inscribirse, y que por tanto el registrador puede exigir a las partes interesadas el cumplimiento de todos aquellos requisitos que sean necesarios para poder verificar la inscripción en los términos prevenidos por dicha ley y su Reglamento. Los registros se gobiernan por las leyes del país.

Habiendo hecho constar el registrador en su nota que el documento fué objeto de calificación al presentarse en el Registro como complementario de una escritura traspasando el mismo inmueble, solicitamos certificación del Registrador de Guayama sobre ese extremo, y de la certificación recibida aparece que Sixto E. Bas como apoderado de la corporación Rojas, Randall & Co., Inc. continuadora y liquidadora de Rojas, Niese & Co., Inc., vendió la misma finca a Matilde Espendes y Navarro por escritura pública otorgada en Guayama en 5 de enero de 1918 y que el registrador denegó la inscripción y tomó anotación preventiva por aparecer del registro que la finca estaba inscrita a nombre de Rojas, Niese & Co., Inc., y no haberse acreditado en forma legal y suficiente la disolución de la misma ni que la corporación vendedora Rojas, Randall & Co. sea la liquidadora y continuadora de la primera, ni que a falta de estos requisitos se hubiera presentado título legal para la trasmisión del dominio de dicha finca de la primera a la segunda corporación.

La calificación hecha por el Registrador de Guayama al denegar la inscripción de la escritura de venta de la misma casa por Rojas, Randall & Co., Inc., a favor de Matilde Espendes y Navarro, no puede surtir efecto en el presente caso en que se trata de la inscripción de otro documento distinto y de partes diversas. *Colonial Company* v. *El Registrador, supra, Behn* v. *El Registrador,* 21 D. P. R. 525, y *El Pueblo*

v. *El Registrador de San Juan, Sección Primera,* 22 D. P. R. 803.

Por las razones expuestas es de revocarse la nota recurrida ordenándose la inscripción solicitada, con el defecto subsanable de no haberse acreditado por la parte interesada que se haya llenado en el documento de 18 de abril de 1918 los requisitos necesarios en cuanto a forma y solemnidad requeridos por las leyes del Estado de New York para el traspaso de bienes inmuebles, y con los defectos. también subsanables de no haber acreditado en forma debida J. Rojas su carácter de presidente de la sociedad Rojas, Niese & Co. con capacidad para otorgar el documento y no aparecer tampoco la aceptación del contrato por parte de Rojas, Randall & Company.

> *Revocada la nota recurrida y ordenada la inscripción solicitada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.