La Juez Asociada Señora Rodríguez Rodríguez
emitió la opi-nión del Tribunal.
Tenemos nuevamente ante nuestra consideración una controversia sobre cómo logra acceso al Registro de la Pro-piedad un documento privado de compraventa otorgado ante notario fuera de Puerto Rico, en específico, en Estados Unidos.
El peticionario es del criterio que en estos casos sólo se requiere que el documento otorgado se ajuste a lo dis-puesto en el Art. 46 de la Ley Hipotecaria y del Registro de la Propiedad de Puerto Rico, 30 L.P.R.A. see. 2209 (Ley Hipotecaria de 1979) y, una vez el Registrador de la Pro-piedad se cerciora de que se cumplen los requisitos del ar-tículo, está obligado a inscribir el documento. Nos indica *581 también que para protocolizar el documento otorgado en el extranjero, según ordena el Art. 46, ante, sólo hay que cumplir con lo dispuesto en las Reglas 40 y 41 del Regla-mento Notarial, 4 L.P.R.A. Ap. XXIV.
La Registradora de la Propiedad, por el contrario, sos-tiene que para que un documento de esta naturaleza logre acceso al Registro de la Propiedad no tan sólo tiene que cumplir con los parámetros del Art. 46, ante, sino también se requiere que se otorgue una escritura que recoja el ne-gocio jurídico efectuado, con el consentimiento de las par-tes que intervinieron en el documento privado y se ratifi-que ante notario. Sólo de esta forma el documento puede elevarse a escritura pública y tener acceso al Registro de la Propiedad. La Registradora postula que para efectuar este proceso hay que atenerse a lo dispuesto en las Reglas 26 y 42 del Reglamento Notarial de Puerto Rico y no mera-mente a la Regla 40 del referido reglamento, 4 L.P.R.A. Ap. XXIV.
Trabada la controversia bajo estos términos, pasamos a atenderla.
I
El 12 de octubre de 2002 el Sr. Miguel Acevedo Torres y la Sra. Jenny Abreu Cordero, casados entre sí, suscribieron un contrato de compraventa en la ciudad de Nueva York. En éste, vendieron al Sr. Lino Acevedo Torres un bien in-mueble sito en el barrio Palmar de Aguadilla por la canti-dad de $18,000. La propiedad consta inscrita en el Registro de la Propiedad. El contrato se suscribió ante el notario público José Rivera, cuya comisión expedida por el estado de Nueva York expiraba el 31 de julio de 2006, y cuya firma fue legalizada por el “County Clerk of the Supreme Court of the State of New York”.
*582 El 1 de octubre de 2003 el Sr. Samuel Pellot Torres sus-cribió la Escritura Pública Número 338 sobre Protocoliza-ción de Documento de Compraventa otorgado fuera de Puerto Rico (Acta de protocolización), ante el notario pú-blico Agustín F. Soto Hernández. En el Acta de protocoliza-ción otorgada, el notario resumió el negocio efectuado en Nueva York y le anejó el original del contrato de compra-venta, así como también el volante de certificación que le-galizaba la firma del notario.
El 16 de octubre de 2003 el Acta de protocolización se presentó para su inscripción en el Registro de la Propie-dad, Sección de Aguadilla. El 7 de julio de 2006 el Regis-trador de la Propiedad, Hon. Frank Quiñones Vigo, notificó las siguientes faltas al documento presentado:
1. Para elevar un documento privado a escritura pública es indispensable que comparezcan al acto todas las partes que intervinieron en el documento privado o en su defecto, sus herederos, representantes legales o voluntarios a prestar su consentimiento. “Reglamento Notarial de P.R. Reglas 26,40 y 42”.
2. La manera de elevar a documento privado un documento público no es protocolizar el documento, sino otorgar una es-critura que recoja el negocio y se ratifique ante el notario con el consentimiento prestado previamente. Este otorgamiento lo puede hacer personalmente ante el notario, los que compare-cieron en el documento privado, todos o por conducto de man-datarios siempre y cuando dicho mandato (poder) cumpla con lo dispuesto en la Ley Notarial. Recurso Gubernativo, Anejo A, pág. 1.
El Registrador indicó en su comunicación que las faltas antes mencionadas impedían la inscripción del documento presentado.
El 14 de junio de 2006 el Registrador de la Propiedad suspendió el término para presentar el escrito de recalifi-cación habida cuenta que se había presentado, en otro caso, un escrito de recalificación en el cual se planteaba un asunto similar sobre cómo lograr acceso al Registro de la *583 Propiedad un documento otorgado fuera de Puerto Rico. El referido asunto llegó finalmente ante este Tribunal me-diante el correspondiente recurso gubernativo. Véase Banco Popular v. Registrador, 172 D.P.R. 448 (2007).
Resuelto este caso, el 4 de jimio de 2008 la Registradora de la Propiedad, Hon. Gildren Caro Pérez, notificó nueva-mente al notario Soto Hernández las mismas faltas que ha-bían sido notificadas en julio de 2006 respecto a la inscrip-ción de la Escritura de protocolización. El 23 de junio de 2008 el notario presentó su escrito de recalificación. El 9 de septiembre de 2008 la Registradora denegó el escrito de re-calificación y tomó anotación preventiva de denegatoria con-forme dispone el Art. 71 de la Ley Hipotecaria de 1979, 30 L.P.R.A. see. 2274. El notario compareció oportunamente ante este Tribunal mediante el correspondiente recurso gubernativo. También compareció la Registradora de la Propiedad. Estando en posición de resolver, pasamos a hacerlo.
II
Iniciamos nuestra discusión reseñando nuevamente y en mayor detalle, los planteamientos de la Registradora de la Propiedad. En su escrito ante nosotros, la Registra-dora expresó que el fundamento legal para la denegatoria de inscripción se encuentra en las Reglas 26(1) *584 y 42(2) del Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV; las cuales, junto al Art. 46 de la Ley Hipotecaria de 1979, regulan, a su juicio, la inscripción en el Re-gistro de la Propiedad de los documentos otorgados fuera de Puerto Rico.
Sostiene, que la protocolización de que habla el Art. 46 no es meramente aquella que se recoge en la Regla 40 del Reglamento Notarial,(3) 4 L.P.R.A. Ap. XXIV, sino que se tiene que cumplir con lo que se dispone en la Regla 26 del Reglamento Notarial, 4 L.P.R.A. Ap. XXTV, de suerte que el documento pueda ser elevado a escritura pública e inscrito el Registro de la Propiedad.
La Registradora nos señala además que se “cuestiona si la dación de fe de un notario del estado de New York, Es-tados Unidos de Norteamérica, de que los suscribientes del contrato privado de compraventa tenían la capacidad nece-saria para suscribir el mismo se puede equiparar a la fe pública [notarial]”, según ha sido analizada por este Tribunal en Ponce Real Estate Corp. v. Registrador, 87 D.P.R. 215 (1963). Alegato de la parte recurrida, pág. 12. Concluye entonces que, habida cuenta que la escritura de pro- *585 tocolización no se ajusta a lo especificado en la Regla 26 del Reglamento Notarial y a lo resuelto en Ponce Real Estate Corp., ésta no puede inscribirse en el Registro de la Propiedad.
Para el notario autorizante, la postura asumida por la Registradora es errónea. Considera innecesario los requeri-mientos exigidos por ésta de que se cumpla con la Regla 26 del Reglamento Notarial. Apunta que lo importante es, como ya adelantamos, que el documento presentado para inscripción se analice de acuerdo con las exigencias del Art. 46 de la Ley Hipotecaria de 1979 y, una vez la escritura cumple con lo allí provisto, procede su inscripción en el Re-gistro de la Propiedad. Sostiene que su Escritura de proto-colización cumple a cabalidad con lo que ordena la ley hipo-tecaria, por lo que no le asiste la razón a la Registradora.
Pasamos a resolver.
III
Existen dos tipos de documentos públicos notariales, a saber: las escrituras y las actas. L. Rivera Rivera, Derecho Registral Inmobiliario Puertorriqueño, 2da ed., San Juan, Jurídica Editores, 2002, pág. 84; E. Giménez Amau, Derecho Notarial, Pamplona, Eds. Universidad de Navarra, 1976, pág. 723. Estos sirven fines diferentes y tienen diferentes formalidades. El acta es un instrumento público en el cual el notario narra un evento “capaz de influir en el derecho de los particulares y levantada por el requerimiento de otra persona”. (Enfasis en el original.) Colón v. Shell Co. (P.R.) Ltd., 55 D.P.R. 592, 622 (1939).
En Ponce Real Estate Corp. v. Registrador, ante, exploramos las diferencias entre estos dos tipos de instrumentos notariales en referencia a los efectos de la inscripción del contenido del instrumento en el Registro de la Propiedad. Indicamos que el acta notarial de protocoliza- *586 ción de un contrato de arrendamiento es, en efecto, un do-cumento público fehaciente con garantía de autenticidad y de fe pública del hecho que lo motiva, pero no cabe consi-derarlo como una escritura pública. Id. Véase, además, Rivera Rivera, op. cit, pág. 85. Ello es así pues, entre otras cosas, en el acta notarial de protocolización el notario no interviene “en la formación del derecho que surge o [del] negocio jurídico, ni da fe pública de la voluntad declarada en cuanto al mismo, ni del consentimiento ... porque la voluntad no se ha declarado ante él de acuerdo a las for-malidades de ley, por personas por él conocidas, o que le han sido identificadas”, contrario a lo que ocurre con la escritura pública. Ponce Real Estate Corp., ante, pág. 226.
Tomando ello como base, concluimos que la protocolización de un documento privado —en este caso un contrato de arrendamiento cuyo término era mayor de seis años— no tenía el efecto de elevarlo a escritura pública, por lo que ello no hacía viable su acceso al Registro de la Propiedad. Cabe recordar que la ley hipotecaria requería entonces, como requiere en la actualidad, que para inscribir en el Registro de la Propiedad un contrato de arrendamiento cuyo término es mayor de seis años, éste tiene que constar en escritura pública. De acuerdo con nuestro dicta-men en Ponce Real Estate Corp., según adelantamos, la Registradora se negó a inscribir el instrumento presentado.
Lo primero que debemos señalar es que en Ponce Real Estate Corp. nos expresábamos en torno a la inscripción en el Registro de la Propiedad de un documento privado otor-gado en Puerto Rico y no fuera de la isla, como es el caso que nos ocupa. Por ello, el Tribunal no tuvo que expresarse sobre el Art. 5 de la Ley Hipotecaria de 1893, entonces vigente, que regulaba este asunto.(4)
*587 Los recurrentes en ese caso fundamentaron su alegato en el rechazo a la nota denegatoria de inscripción en una disposición de la Sec. 17 de la Ley Notarial entonces vigente, Ley Núm. 99 de 27 de junio de 1956, que leía como sigue: “No se realizará ninguna operación en los libros del Registro de la Propiedad en relación con un documento notarial otorgado fuera de Puerto Rico, a menos que el mismo haya sido previamente protocolizado en Puerto Rico, siendo obligación del notario cancelar los mismos derechos arancelarios, como si hubiera sido otorgado originalmente en Puerto Rico.” 1956 Leyes de Puerto Rico 743.
Rechazamos este razonamiento expresando que la See. 17 antes transcrita no aplicaba a la controversia que se dilucidaba en el caso, ya que el documento protocolizado había sido otorgado en Puerto Rico. Ello no obstante, y en una expresión que claramente constituye obiter dictum, señala-mos que la Sec. 17 mencionada, “[ni] de su faz, ni por su historia legislativa, tiene el efecto a nuestro juicio de alterar todo un rancio sistema de derecho hipotecario permitiendo, mediante un acto de protocolización, que ganen acceso al Registro de la Propiedad en peijuicio de tercero, documentos carentes de las garantías necesarias de acuerdo con la ley y su reglamento”. Ponce Real Estate Corp., ante, pág. 227.
En estricto rigor, lo indicado en Ponce Real Estate Corp. no puede ser base para denegar la inscripción en el Registro de un documento privado otorgado fuera de Puerto Rico, cuando la controversia en dicho caso versaba sobre cómo gana acceso al Registro de la Propiedad un documento pri-vado otorgado en Puerto Rico. Las expresiones respecto a la Sec. 17 de la entonces vigente Ley Notarial son claramente dicta y no obligan a este Tribunal. Pero aun cuando no se consideraran como tal, el ordenamiento legal reinante hace que las mismas hayan perdido vigencia y vitalidad.
*588 IV
A. La Ley Hipotecaria de 1979 contiene disposiciones específicas que regulan la inscripción en el Registro de la Propiedad de un documento otorgado fuera de Puerto Rico, a saber: los Arts. 45, 46 y 47 del referido estatuto, 30 L.P.R.A. secs. 2208-2210.(5) El Informe de la Comisión de lo Jurídico de la Cámara de Representantes sobre el proyecto de ley que habría de convertirse en la Ley Hipotecaria de 1979, explica que estos artículos “contienen disposiciones legales del campo del derecho internacional privado en cuanto a documentos otorgados fuera de Puerto Rico”. Informe de la Comisión de lo Jurídico de la Cámara de Representantes sobre el P. del S. 792, pág. 12. El propósito de estas disposiciones fue procurar “que los documentos provenientes de otras jurisdicciones sean lo más confiables posibles”. Id. Es decir, con ellas, el legislador puertorriqueño procura no desentenderse del derecho internacional privado, cuya importancia en estos tiempos parece evidente. Véase, además, Banco Popular v. Registrador, ante.
Ello es cónsono con el hecho de que el movimiento de personas de un país a otro y la necesidad de otorgar documentos en un lugar para que sean ejecutados en otro, requieren que el ordenamiento considere la forma y manera en que se le ha de conferir validez, frente a terceros, a estos documentos. En la actualidad, el intenso tráfico comercial internacional que caracteriza una economía de mercado globalizada, hace que el reconocimiento de la ex-traterritorialidad del instrumento notarial sea una necesidad imperiosa.(6)
*589 El Art. 45 de la Ley Hipotecaria de 1979 provee para la posibilidad de que los títulos otorgados en Estados Unidos o el extranjero se inscriban en el Registro de la Propiedad al establecer lo siguiente:
También se inscribirán en el Registro los títulos, actos y con-tratos expresados en la see. 2201 de este título(7) otorgados en los Estados Unidos de América, o en país extranjero, que ten-gan fuerza en Puerto Rico con arreglo a las leyes, y las ejecu-torias pronunciadas por tribunales de los Estados Unidos de América, o extranjeros, a que deban darse cumplimiento en Puerto Rico según las normas legales vigentes, siempre que disponga su ejecución por un tribunal local con jurisdicción. 30 L.P.R.A. sec. 2208.
Esta disposición es clara al declarar inscribibles aque-llos contratos otorgados en Estados Unidos o el extranjero traslativos del dominio de un inmueble que tengan fuerza en Puerto Rico. E.g. Sosa v. Registradora de la Propiedad, 145 D.P.R. 859 (1998). Véase R.M. Roca Sastre y L. Roca-Sastre Muncunill, Derecho Hipotecario, 7ma ed., Barcelona, Ed. Bosch, T. II, 1976, pág. 628.
Para que los documentos que se enumeran en. el artículo precedente puedan inscribirse, el Art. 46 de la Ley Hipotecaria de 1979,(8) ante, establece los requisitos siguientes:
Primero— Que el asunto o materia del acto o contrato sea lícito y permitido por las leyes de Puerto Rico.
*590 Segundo— Que los otorgantes tengan la aptitud y capacidad legal necesarias para el acto o contrato con arreglo a las leyes de su país. Sin embargo [,] cuando se relacionen con bienes de menores de edad y de incapacitados, deberá haberse dado cum-plimento a las disposiciones legales vigentes en Puerto Rico.
Tercero— Que en el otorgamiento se hayan observado las formas y solemnidades del territorio o país donde se han veri-ficado los actos o contratos, o las de Puerto Rico.
Cuarto— Que el documento contenga la legalización y demás requisitos necesarios para su autenticación en Puerto Rico.
Quinto— Que dicho documento haya sido protocolizado por un notario en Puerto Rico si para su eficacia no requiere trá-mite judicial.
No será requisito la protocolización en el caso de los títulos de cesiones o traspasos de propiedad inmueble u otros dere-chos reales por el Gobierno de los Estados Unidos de América, sus agencias, corporaciones o instrumentalidades públicas, ex-pedidos por funcionarios competentes a favor del Estado Libre Asociado de Puerto Rico, sus agencias, corporaciones o instru-mentalidades públicas o sus subdivisiones políticas, los cuales se considerarán documentos auténticos.(9)
Sobre estas exigencias debemos señalar lo siguiente: La primera de ellas se complementa en el Art. 60.1, pár. 1, del Reglamento para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad de 1997 (Reglamento Hipotecario), conforme con el cual “[n]o son inscribibles los títulos o actos otorgados fuera de Puerto Rico que estén prohibidos por las leyes del país”. Lo que constituye “un freno al posible fraude internacional”, al exigir que el asunto o materia del acto o contrato sea cónsono tanto con la ley del país donde se otorga como con la de Puerto Rico. E. Vázquez Bote, Tratado teórico y práctico de derecho privado puertorriqueño, San Juan, Butterworth de Puerto Rico, 1992, T. XV, Sec. 15.5, pág. 417.
*591 Los requerimientos segundo y tercero deben acreditarse ante el Registrador, si éste así lo solicita.(10) Art. 60.1, par. 2 del Reglamento Hipotecario. Sobre el tercer requisito, relacionado con las formalidades y solemnidades del ins-trumento que se otorga, la Lie. Sarah Torres Peralta nos indica lo siguiente en su tratado de derecho notarial:

Esta disposición constituye uno de los adelantos más impor-tantes en la reglamentación del ordenamiento registral. Pre-viamente, los documentos extranjeros, incluyendo los autoriza-dos en Estados Unidos de América, que no cumplían con las formalidades de las escrituras públicas que requería la ley local, no tenían acceso registral en Puerto Rico. Ello era así aún cuando el documento notarial otorgado en la otra jurisdicción fuere suficiente allá para la enajenación de un derecho real inscribible en Puerto Rico, Ponce Real Estate Corp. v. Registrador, 87 D.P.R. 215 (1963).

Ahora la situación es distinta. Puede ocurrir que un inmue-ble sito en Puerto Rico sea objeto de un acto traslativo de dominio mediante una declaración jurada otorgada y autori-zada en Nueva York o en Francia. Dicho documento será debi-damente legalizado en el país de origen y será traído a Puerto Rico, donde podrá ser objeto de protocolización. Si cumple con los demás requisitos del artículo 46 de la Ley Hipotecaria, el acta de protocolización de dicho contrato será título inscribible en el Registro de la Propiedad de Puerto Rico. Así lo dispone el referido articulado de la Ley Hipotecaria. (Enfasis nuestro.) S. Torres Peralta, El derecho notarial puertorriqueño, San Juan, Pubs. S.T.P., 1995, pág. 8.72.
Naturalmente, cuando el documento otorgado en el extranjero disponga sobre un bien inmueble sito en Puerto Rico, “los requisitos internos del contrato, deberá [n] cumpli[r] con las leyes de de Puerto Rico” en virtud de los *592 Arts. 10 y 11 in fine del Código Civil, 31 L.P.R.A. secs. 10, 11 in fine. E. Vázquez Bote, Elementos de Derecho Hipotecario Puertorriqueño, Barcelona, Ed. Lex, 1973, pág. 389. Véase, además, Rojas, Randall & Co. v. El Registrador, 27 D.P.R. 21, 23 (1919). Como sabemos, los actos y contratos relativos a bienes inmuebles se rigen por las leyes del país donde éstos están sitos. Banco Popular v. Registrador, ante. Véase además, Pueblo v. Denis Rivera, 98 D.P.R. 704 (1970). Ello es así, independientemente del domicilio de sus dueños. Zarelli v. Registrador, 124 D.P.R. 543 (1989).
El cuarto requisito, que el documento contenga la legalización y requisitos necesarios para su autenticación en Puerto Rico, se refiere a que el documento haya “sido firmado ante una persona autorizada a tomar firmas .... Además un fimeionario del ... lugar de origen del documento, garantizará que la persona que tomó la firma está autorizado para desempeñar esa tarea”. Rivera Rivera, op. cit., págs. 91 — 92. Véase In re Rodríguez Mangual, 172 D.P.R. 313 (2007). Cuando el documento por protocolizarse proviene de Estados Unidos, la firma del notario o “notary public” se acredita por un secretario estatal o municipal, quien se conoce como “county clerk”. Véanse: Torres Peralta, op. cit., págs. 8.68-8.71; C.R. Urrutia de Basora y L.M. Negrón Portillo, Curso de derecho notarial puertorriqueño, 2da ed., 1999, págs. 484-485. Este requisito obedece a la necesidad de evitar que documentos fraudulentos logren acceder al Registro de la Propiedad y en consecuencia afecten derechos de terceros.
Finalmente, el inciso (5) del Art. 46 requiere que el documento se protocolice. Sobre este proceso, el profesor Rivera Rivera nos indica que éste “se rige por la Regla 41 del Reglamento Notarial y significa que el notario puertorriqueño hará constar la entrega del documento por el requirente, lo identificará y expresará que contiene las firmas y lo unirá al acta de protocolización”. (Enfasis nuestro.) *593 Rivera Rivera, op. cit., pág. 85. En igual tenor, véase Torres Peralta, op. cit., pág. 8.68.(11) Lo que supone, como discuti-remos, que el acta de protocolización cumpla con lo orde-nado en la Regla 40 del Reglamento Notarial. Véase discusión infra.
Conforme con la discusión que antecede, podemos colegir que un contrato otorgado en Estados Unidos o en el extranjero, traslativo de dominio de un inmueble sito en Puerto Rico, será inscribible en el Registro de la Propiedad siempre y cuando se cumpla con los requisitos sustantivos y de forma enumerados en el Art. 46 de la Ley Hipotecaria de 1979. El Registrador de la Propiedad debe entonces, por imperativo del principio de legalidad, al calificar el documento, verificar el cumplimiento con lo ordenado en este artículo de suerte que sólo accedan al Registro títulos válidos y perfectos. Preciosas V. del Lago v. Registrador, 110 D.P.R. 802 (1981). Véase, además, Art. 64 de la Ley Hipotecaria, 30 L.P.R.A. sec. 2267. Una vez verificado que el negocio cumple con lo que exige el Art. 46, el acta de protocolización del documento privado será el título inscribible en el Registro de la Propiedad de Puerto Rico.(12)
Pasemos ahora a evaluar ese proceso de protocolización de que se habla en el Art. 46 de la Ley Hipotecaria, de acuerdo con las objeciones de la Registradora de la Propiedad.
*594 B. Anteriormente reseñamos que la Registradora sos-tiene que la protocolización que se menciona en el Art. 46 de la Ley Hipotecaria no es la “mera protocolización ... [de] la Regla 40 del Reglamento Notarial ...”.(13) Ella considera que el notario autorizante debe cumplir con lo que ordena la Regla 26 del Reglamento Notarial “para poder elevar el do-cumento a escritura pública y por ende que éste pueda tener acceso al Registro”. Alegato de la parte recurrente, pág. 12.
Como sabemos, la protocolización de un documento, en términos generales y de ordinario, “implica su transcripción e ingreso al protocolo de instrumentos públicos del notario, incorporado o unido como parte de la escritura o mediante acta que viabiliza este procedimiento”, tal y como ordena la Regla 40 del Reglamento Notarial. In re Rodríguez Mangual, ante.
Las actas de protocolización de documentos están expli-cadas en las Reglas 41 a 43 del Reglamento Notarial.(14) De éstas, sólo la Regla 41 habla de la protocolización de docu-mentos otorgados en el extranjero. Con lo cual, es a ella a donde hay que mirar para saber en qué consiste la protoco-lización que se menciona en el Art. 46 de la Ley Hipotecaria. Véase Urrutia de Basora y Negrón Portillo, op. cit., pág. 484. Allí se indica:
Los documentos notariales otorgados fuera de Puerto Rico de-berán ser protocolizados para que tengan eficacia de instru-mento público en esta jurisdicción. Tales documentos deberán *595 estar legitimados por autoridad competente como condición para ser protocolizados en Puerto Rico. (Enfasis nuestro.)
Como se observa, la regla precitada sólo afirma la nece-sidad de protocolizar el documento notarial(15) otorgado sin imponer requisitos específicos para ello, más allá de la ex-presión respecto a la legalización por autoridad compe-tente que, como vimos, es exigencia también del Art. 46 de la Ley Hipotecaria. Siendo ello así, hay que mirar entonces a la Regla 40 del Reglamento, que es la regla que describe en qué consiste la protocolización de un documento. Con lo cual y como indica el profesor Rivera Rivera, al protocoli-zar este tipo de documentos el notario hará constar la en-trega del documento por el requirente, su identificación y expresará que contiene las firmas, uniendo el documento al acta de protocolización. Rivera Rivera, op. cit., pág. 85.
Recordemos que cuando el texto de la ley es claro, debemos atenernos a éste. En este caso, sólo la Regla 41 del Reglamento Notarial se refiere a la protocolización de los documentos notariales otorgados en el extranjero. Esta regla regula este proceso sin imponer mayores requisitos a los dispuestos ya en la regla general sobre protocolizaciones (Regla 40), que la legalización del documento.
Cabe señalar también, que el Art. 38 de la Ley Notarial, 4 L.RR.A. see. 2056, exige además que en estos casos el notario cancele “los mismos derechos arancelarios como si hubiera sido otorgado originalmente en Puerto Rico”. Ello es así, cuando el documento va a ser presentado en el Registro de la Propiedad. Véase Urrutia de Basora y Negrón Portillo, op. cit., pág. 484.
En resumen, una vez presentado en el Registro de la Propiedad un acta de protocolización de un documento notarial otorgado en el extranjero, el Registrador, al *596 calificar el documento, deberá cerciorarse de que éste ha sido protocolizado acorde con lo previamente indicado, así como que el asunto o materia del contrato o acto que se recoge en el documento notarial no esté prohibido por la ley del país donde se otorgó o por las de Puerto Rico; que los otorgantes tengan la capacidad legal para el acto o contrato según las leyes de su país; que en el otorgamiento se hayan observado las formas y solemnidades del territorio o país donde se han verificado los actos o contratos o las de Puerto Rico, y que el documento contenga la legalización y demás requisitos necesarios para su autenticación en Puerto Rico, y que se hayan cancelado los aranceles correspondientes. Si el documento notarial protocolizado encierra un negocio re-ferente a un inmueble sito en Puerto Rico, el Registrador de la Propiedad debe cerciorarse, al calificarlo, que sustantiva-mente el negocio cumple con las leyes de Puerto Rico.
Un comentario adicional. La Registradora de la Propiedad cuestiona la dación de fe del notario de Nueva York respecto a su acreditación de la capacidad de los otorgantes para acordar el negocio de compraventa que suscribieron. Este argumento se esgrime, aparentemente, para fortalecer la exigencia de que se cumpla con la Regla 26 del Reglamento Notarial. Su observación no es insustancial. Ahora bien, el ordenamiento existente le ofrece un mecanismo para atender este asunto. Como ya discutimos, la Regla 60.1, pár. 2, del Reglamento Hipotecario, que complementa al Art. 46 de la Ley Hipotecaria, faculta al Registrador a solicitar cualquier documento complementario que considere necesario para acreditar la aptitud y capacidad legal de los otorgantes. Es ese el mecanismo al cual hay que acudir para despejar toda duda sobre este particular. Véase esc. 9, ante.
Ciertamente, como hemos señalado, adoptar la solución propuesta por la Registradora sería contrario al texto del Art. 46 la Ley Hipotecaria. Además, impondría *597 una rigidez tal a la inscripción de documentos otorgados en el extranjero, que contravendría los esfuerzos del campo del derecho internacional privado para establecer vías que fomenten el tráfico jurídico entre los países y se adapten al flujo económico y de personas que caracteriza la época actual. La fe pública notarial, de la cual es depositante el notario en nuestro ordenamiento y la cual se requiere para la inscripción de documentos otorgados en Puerto Rico, no encuentra equivalentes en muchas jurisdicciones y siste-mas de derecho. Consecuentemente, exigir que un docu-mento extranjero cumpla con dicho elemento para su ins-cripción equivaldría a rechazar la eficacia, en nuestro ordenamiento, de documentos otorgados en múltiples jurisdicciones. Ello a pesar de que se cumplan con los re-quisitos establecidos por el legislador: la legalización y pro-tocolización del documento.(16) No podemos desligar del resto del mundo nuestro sistema registral.
En virtud de lo anterior, no tiene razón la Registradora de la Propiedad cuando le exigió al notario que cumpliese con lo dispuesto en la Regla 26 del Reglamento Notarial para poder inscribir el documento presentado en el Regis-tro de la Propiedad. Su denegatoria de inscripción por ese fundamento es errónea.
V
Por los fundamentos expresados, procede revocar la de-negatoria de inscripción bajo el fundamento de que el do-cumento no se protocolizó acorde a derecho. Ahora bien, ante la preocupación expresada por la Registradora de la Propiedad respecto a la capacidad de los otorgantes en este caso para acordar lo pactado, lo más razonable es devolver este asunto al Registro de la Propiedad, Sección de Agua- *598 dilla, para que la Registradora, Hon. Gildren Caro Pérez, proceda a calificar nuevamente el documento protocolizado, ahora, cónsono con los principios aquí expresados.

Una vez ésta se cerciore de que el documento cumple con las disposiciones del Art. 46 de la Ley Hipotecaria de 1979, ante, procederá la inscripción en el Registro de la Propie-dad del documento presentado.

Se dictará sentencia de conformidad.

 La Regla 26 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV, dispone:
“El Notario podrá elevar a escritura pública un documento privado cuyo conte-nido es materia de contrato.
“En tal caso, el Notario podrá optar por redactar nuevamente el contrato pri-vado, pero hará constar en la escritura la existencia previa del documento privado.
“Podrá optar, además, por unir el contrato privado a la escritura que autoriza sin redactarlo nuevamente. En tal caso el notario relacionará el contrato privado, dará fe de haberlo leído, de haber aceptado su redacción, del número de folios de que consta éste, y de que su texto se incorpora como si estuviere transcrito, de todo lo cual los comparecientes en su presencia lo ratifican y firman el original de la escritura.
“En ambos casos será indispensable que comparezcan al acto todas las partes que intervinieron en el documento privado o, en su defecto, sus herederos, represen- *584 tantes legales o voluntarios a prestar su consentimiento.
“El notario cumplirá, además, con todas las formas y solemnidades que requiere la autorización de una escritura pública.”

 La Regla 42 del Reglamento Notarial, 4 L.RR.A. Ap. XXIV, lee como sigue:
“Un documento privado cuyo contenido fuere materia de contrato podrá ser protocolizado mediante acta cuando alguno de los contratantes desee evitar su ex-travío y dar certeza a su fecha. En tal caso el notario hará constar que la protocoli-zación no tiene los efectos de la escritura pública.
“Tal acta será considerada como documento sin cuantía.”

 La Regla 40 del Reglamento Notarial, 4 L.P.R.A. Ap. XXTV, dispone:
“En el acta de protocolización el notario hará constar la entrega del documento por el requirente, e identificará adecuadamente el mismo. En caso de que el docu-mento contenga firmas, y éstas o alguna de ellas no aparezcan en original, así lo hará constar.
“Cuando la protocolización obedezca a providencia judicial, deberá ser incorpo-rada ésta así como cualquier otro documento que la misma requiera.
“Cada uno de los folios del acta y del documento protocolizado deberá tener el sello y rúbrica del notario autorizante.
“Al protocolizar el documento o expediente es indispensable unirlo al acta, siendo potestativo del notario transcribirlo.”

 El Art. 5 de la Ley Hipotecaria de 1893 lela como sigue:
*587 “También se inscribirán en el Registro los documentos ó títulos expresados en el art. 2°, otorgados en país extranjero que tengan fuerza en España [debería decir Puerto Rico] con arreglo á las leyes ....”

 El Art. 47 de la Ley Hipotecaria de 1979 (30 L.P.R.A. see. 2210) trata sobre la necesidad de traducir los documentos que se presenten en el Registro de la Propie-dad para inscripción en un idioma que no sea español o inglés. Sobre los Arts. 45 y 46 (30 L.P.R.A. secs. 2208 y 2209), véase discusión infra.

 En este tenor, se ha señalado lo siguiente: “La gran circulación de personas, mercancías, capitales y bienes en general, característica de la economía globalizada y de la facilidad de desplazamientos, produce también la cada vez mayor circulación *589 de documentos en general y notariales en particular.” E. Highton y A. Vitale, La fun-ción notarial en la comunidad globalizada, Buenos Aires, Rubinzal-Culzoni Editores, 2005, págs. 47-48. Ello, a su vez, ha conllevado que “todas las legislaciones del mundo admiten hoy la validez del documento notarial que, observando la forma requerida en el lugar de celebración, deba surtir efecto en otro Estado íd., pág. 44.

 Entre los títulos que se enumeran en el Art. 38 de la Ley Hipotecaria de 1979 (30 L.RR.A. see. 2201), se encuentran, en lo que nos concierne, los actos y contratos “[Constitutivos, traslativos, declarativos o extintivos del dominio de los inmuebles o de los derechos reales o de trascendencia real impuestos sobre los mismos ...”.

 Las exigencias del Art. 46 de la Ley Hipotecaria de 1979, 30 L.P.R.A. see. 2209, siguen los parámetros generales que dispone el ordenamiento español sobre este asunto. Véanse: Art. 4 de la Ley Hipotecaria española y el Art. 36 del Regla-mento Hipotecario. Ello es así, salvo el requerimiento de protocolización, el cual no se exige por el ordenamiento registral hipotecario español.

 Véanse: Rojas, Randall & Co. v. El Registrador, 27 D.P.R. 21 (1919); Antongiorgi v. El Regis. de la Prop., 6 D.P.R. 239 (1904), revocado por otros motivos en Babilonia v. Registrador, 62 D.P.R. 688 (1943). Véase, también, E. Vázquez Bote, Elementos de Derecho Hipotecario Puertorriqueño, Barcelona, Ed. Lex, 1973, págs. 387-390.

 A pesar de que el reglamento notarial establece que dichos requerimientos deberán acreditarse si el Registrador así lo solicita, nos parece altamente recomen-dable que los Registradores hagan uso de esa facultad. Después de todo, son los Registradores los llamados a asegurar que, conforme al principio de legalidad, los documentos que tengan acceso al Registro sean válidos y perfectos. U.S.I. Properties, Inc. v. Registrador, 124 D.P.R. 448 (1989). Estando en muchas ocasiones estos docu-mentos otorgados en el extranjero carente de la fe pública que sólo un notario latino puede acreditar, la función calificadora del Registrador cobra aún mayor relevancia, por lo que enfatizamos la conveniencia de exigir la acreditación del cumplimiento de los requisitos del Art. 46(2) de la Ley Hipotecaria de 1979, ante.

 Durante el proceso de vistas públicas del P. del S. 792, que luego de apro-bado se convirtió en la Ley Hipotecaria de 1979, el tratadista Eduardo Vázquez Bote criticó esta exigencia por estimarla innecesaria. Indicó que esta disposición consti-tuía una “concesión a los notarios para que lleven a cabo la expedición de algún documento”. Senado de Puerto Rico, Comisión de lo Jurídico, 6 de marzo de 1979, pág. 140. En su tratado, añade que este requisito constituye un “modo de dificultar el tráfico”. E. Vázquez Bote Tratado teórico y práctico de derecho privado puertorriqueño, San Juan, Butterworth de Puerto Rico, 1992, T. XV, Sec. 15.5, pág. 418.

 El ordenamiento español ha reconocido que, excepcionalmente, “las actas notariales pueden servir de título formal inscribible. ~V.gr.:: el acta notarial acredita-tiva de no haberse terminado las obras objetos de refacción, para evitar la caducidad del artículo 92 LH; el acta notarial del artículo 130.5 LH, al objeto de modificar el domicilio para notificaciones en el procedimiento judicial sumario ...; o en general las actas notariales acreditativas del cumplimiento o incumplimiento de condiciones suspensivas o resolutorias”. A. Oliva Rodríguez, Reflexiones acerca del principio de legalidad, 75 (Núm. 637) Rev. Crít. Der. Inmob. 481, 490 (2000).

 La Regla 40 del Reglamento Notarial ante, especifica qué tiene que expresar el notario en un acta de protocolización de un documento. De acuerdo con esta regla, se tiene que especificar: la entrega del documento al notario por el requirente e identificarlo; si el documento por protocolizar contiene firmas y éstas no son en original, así deberá hacerlo constar; además cada uno de los folios del acta y del documento protocolizado deberá tener el sello y la rúbrica del notario autorizante y siempre se unirá como anejo el documento protocolizado al acta de protocolización.

 La Regla 41 del Reglamento Notarial trata de los requisitos exigibles para la protocolización de documentos otorgados fuera de Puerto Rico. La Regla 42, por su parte, trata sobre los requisitos para la protocolización de un documento privado cuyo contenido fuese materia de contrato. Finalmente, la Regla 43 se refiere a docu-mentos que pueden protocolizarse para asegurar su existencia e identidad. 4 L.P.R.A. Ap. XXIV.

 Por documento notarial entendemos aquel documento en el que ha interve-nido un notario autorizado para impartirle a ese documento un grado de formalidad.

 Sobre este tema, véase J.A. Miquel Calatayud, El documento extranjero ante el registro de la propiedad español, Madrid, Centro de Estudios Regístrales, 2001.